NATIONAL PLASTIC RELIEF CO. *v.* SIGNAL AMUSEMENT CO.*

(*Nashville.* December Term, 1924.)

1. CORPORATIONS. Suit of foreign corporation held properly dismissed for lack of qualification within State.

Suit by foreign corporation to recover for fixtures installed in theater *held* properly dismissed, where it appeared from lists of foreign corporations qualified to do business in State, required to be published by Acts 1919, chapter 184, that complainant was not so qualified. (*Post, pp.* 236, 237.)

Acts cited and construed: Acts 1919, ch. 184.

2. EVIDENCE. Foreign corporation not appearing on qualified lists presumed unqualified; judicial notice taken of foreign corporation's absence from list of qualifying corporations.

The presumption is that secretary of State has done his duty in preparing lists of foreign corporations qualified to do business in State, as required by Acts 1919, chapter 184, and court will judicially notice absence of name of corporation from such lists, and presume corporation unqualified. (*Post, p.* 237.)

3. PLEADING. Complainant, by not questioning sufficiency of plea, precluded from raising matter in avoidance thereof.

Where complainant, a foreign corporation, did not question sufficiency of defendant's plea that complainant had not qualified to do business within State, it is precluded from making contention that transaction, in respect to which it sues, was interstate commerce. (*Post, pp.* 237, 238.)

*Headnotes 1. Corporations, 14a C. J., section 4072 (1926 Anno); 2. Evidence, 22 C. J., section 70; 23 C. J., section 1899; 3. Pleading, 31 Cyc., p. 208.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. W. B. GARVIN, Chancellor.

C. C. MOORE, for complainant.

BACHMAN, WILKERSON & HYDE, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

PER CURIAM. This is a suit by a corporation organized under the laws of another State, as appears from its bill, to recover for certain fixtures installed in a theater belonging to defendant at Chattanooga. A plea was interposed by the defendant in substance that, as disclosed by its bill, complainant was a foreign corporation, and the plea averred that the complainant corporation had not complied with the laws of Tennessee regulating the right of foreign corporations to do business in this State. No other pleading was filed by the defendant and no proof was taken by either party. On the hearing the defendant read chapter 184 of the Acts of 1919, and the lists of foreign corporations contained in the bound volume of the acts of that year, that had complied with our laws, and the lists of foreign corporations printed in subsequent volumes of the Acts of Tennessee. It did not appear that the name of the complainant corporation was contained in any of these lists. The chancellor dismissed complainant's bill and it appealed to the court of civil appeals. The latter court re-

National Plastic Relief Co. v. Signal Amusement Co.

versed the decree of the chancellor, and defendant has brought the case to this court by petition for *certiorari*. We think the chancellor was right.

By chapter 184 of the Acts of 1919, it is provided that the secretary of State shall have bound and published with the acts of that year a list of all foreign corporations qualified to do business in this State; and that he shall have bound and published with the acts of each subsequent session of the General Assembly a list of all foreign corporations that have qualified to do business in this State since the close of the last preceding published list. It is provided that such published lists shall be *prima-facie* evidence of the qualification of such corporations to do business in Tennessee, and that the courts of this State shall take judicial notice thereof.

Inasmuch as the courts are required to take judicial knowledge of the qualification of foreign corporations appearing in these lists, we must likewise judicially notice the fact that the name of a foreign corporation seeking relief in our courts is not contained in such lists. The presumption is that the secretary of State has done his duty in the premises, and, when the name of a foreign corporation is not included in the published lists, the court must presume that it has not qualified to do business in Tennessee.

We think that the complainant is precluded from making the question that the transaction in respect to which it sues was interstate commerce. The complainant did not question the sufficiency of defendant's plea, but treated that plea as presenting a sufficient issue. That is to say, by conceding the sufficiency of the plea, the complainant conceded that its suit could not be maintained

if the issue arising upon the plea was found in favor of the defendant.

It does not appear from the face of the bill that the transaction was interstate commerce.

The writ of *certiorari* is accordingly granted, the decree of the court of civil appeals reversed, and the decree of the chancellor affirmed.